UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|   |   |   |
|---|---|---|
| ADRIAN LEWIS | ) | |
| | ) | |
| v. | ) | No. 3:16-00200 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court are the Petitioner's Motion To Vacate, Set Aside, Or Correct A Sentence (Docket No. 1); the Government's Response (Docket No. 6); and the Petitioner's Reply (Docket No. 7).

For the reasons set forth herein, the Motion To Vacate (Docket No. 1) is GRANTED. The re-sentencing hearing is set by separate order in Criminal Case No. 3:10-00289.

II. Procedural Background

In the underlying criminal case, the Petitioner pled guilty, through a Plea Agreement, to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket No. 50 in Case No. 3:10-00289). Through the Plea Agreement, the Petitioner acknowledged that he was an Armed Career Criminal, and agreed to a sentence of 180 months of imprisonment. (Id.) The Presentence Investigation Report found the Petitioner to be an Armed Career Criminal based on three prior convictions for Evading Arrest. (Docket No. 63 in Case No. 3:10-00289). At the subsequent sentencing hearing, the Court also found the Petitioner to be an Armed Career Criminal, and imposed the 180-month agreed sentence. (Docket Nos. 60, 61, 64 in Case No. 3:10-00289). The Petitioner appealed, and the Sixth Circuit affirmed. (Docket No. 66

in Case No. 3:10-00289).

## III. Analysis

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three or more prior convictions for a "violent felony" or a "serious drug offense:" The ACCA defines "violent felony" as follows:

(e)(2) As used in this subsection–

\* \* \*

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .*

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court held that the last clause of the definition, the so-called "residual clause," is unconstitutionally vague. In Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that the Johnson decision announced a substantive rule that applies retroactively on collateral review.

The Petitioner contends that his prior convictions for Evading Arrest no longer count as ACCA predicate offenses because they were found to be a "violent felony" under the "residual clause," which is no longer viable under Johnson. See, e.g., United States v. Franklin, 622 Fed.

2

Appx. 501, 514 (6th Cir. July 31, 2015)(Tennessee conviction for Evading Arrest no longer qualifies as violent felony under the ACCA because it satisfies definition in "residual clause" only, not the definition in the "elements clause" or the "enumerated offenses clause"). In its Response, the Government agrees that the Petitioner is eligible for re-sentencing.

The Court agrees that the Petitioner no longer qualifies as an Armed Career Criminal under applicable law, and that he is entitled to re-sentencing. Accordingly, the Motion To Vacate is GRANTED, and the Court will hold a re-sentencing hearing to be set by separate order in Case No. 3:10-00289.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE